IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VICTOR C. FOURSTAR, JR.,
No. 07418-046,

        Petitioner,

vs.                                                Case No. 13-cv-01122-DRH

JEFFREY S. WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's application for a writ of habeas corpus, filed on October 31, 2013.

## Introduction and Background

Petitioner Victor C. Fourstar, Jr., an inmate in the United States Prison at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the enhanced sentence imposed after his 2002 conviction in the United States District Court for the District of Montana (*United States v. Fourstar*, Case No. 02–cr–52 (D.Mont. Oct. 30, 2002)). Petitioner was convicted of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a). On February 27, 2003, he was sentenced to 188 months in prison. The conviction was affirmed on direct appeal. *United States v. Fourstar*, 87 Fed.Appx. 62 (9th Cir. 2004) (addressing only asserted trial errors).

In 2005, petitioner unsuccessfully attacked his sentence pursuant to 28 U.S.C. § 2255. *United States v. Fourstar*, No. 02-cr-52, Docs. 130, 131 (D. Mont. Dec. 20, 2005). The federal trial court's most recent order indicates that Fourstar has filed "at least" three successive petitions pursuant to 28 U.S.C. § 2255 attacking his sentence. *United States v. Fourstar*, No. 02-cr-52, Doc. 145, p. 2 (D. Mont. June 12, 2013). By Order dated November 21, 2013, the Court of Appeals for the Ninth Circuit denied a certificate of appealability relative to that ruling dismissing Fourstar's last Section 2255 petition. *United States v. Fourstar*, No. DA 13-35601 (9th Cir. Nov. 21, 2013).[1]

Fourstar now asserts that *United States v. Booker*, 543 U.S. 220 (2005), and *Begay v. United States,* 553 U.S. 137 (2008), were unavailable at the time of his original Section 2255 petition, and he is now entitled to use the "savings clause" in Section 2255(e) to attack his sentence via Section 2241. Fourstar argues that he is "actually innocent" of a state offense that was used as a "crime of violence" to enhance his federal sentence under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.")—rendering him "actually innocent" of the federal offense.

In an effort to upset that state conviction, on September 26, 2013, Fourstar filed an appeal with the Supreme Court of Montana seeking leave to file a belated appeal attacking his state conviction. Fourstar would have this Court remand his federal case back to the district court in Montana, and have that district court

---

[1] Fourstar has an extremely lengthy history of litigation in state court and federal courts. Only cases relevant to the present petition are noted.

exercise supplemental jurisdiction and upset the state case, all the while releasing him on his own recognizance until he can be resentenced. In the alternative, he requests that this action be stayed until he has exhausted his state court remedies. (S*ee* Doc. 1, p. 8).

**<u>Discussion</u>**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241, where

he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The United States District Court for the Northern District of Georgia rejected a similar Section 2241 petition because Fourstar had not relied upon any retroactive decision. *Fourstar v. Keller*, No. 12-cv-3671-CAP, Doc. 4 (N.D. Ga. Nov. 13, 2012). He now cites *United States v. Booker*, 543 U.S. 220 (2005), and *Begay v. United States*, 553 U.S. 137 (2008).

*Booker* rendered the Sentencing Guidelines advisory; consequently, sentencing enhancements no longer have to be determined beyond a reasonable

doubt because they can no longer alter the statutory maximum. *See United States v. Stokes*, 726 F.3d 880, 898 (7th Cir. 2013). *Begay* pertains to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and holds that whether a crime is a violent felony is determined by how the statutory offense is defined and not how the offense was committed on a particular occasion. The ACCA and the career offender provisions of U.S.S.G. § 4B1.1 (the basis for Fourstar's enhanced sentence) are "interpreted conterminously." *United States v. Wyatt*, 672 F.3d 519, 521 (7th Cir. 2012). Thus, Fourstar's petition actually rests upon *Begay*.

Begay is a retroactive statutory interpretation case decided in 2008, well after Fourstar's initial Section 2255 petition was denied. *See Brown v. Caraway*, 719 F.3d 583, 586-87 (7th Cir. 2013). However, the savings clause also requires that the sentencing defect be grave enough error to be deemed a miscarriage of justice. This is the point where Fourstar's argument fails. His petition to the Supreme Court of Montana for leave to appeal (the first step in upsetting his state conviction) was denied by order dated October 30, 2013—the day the current petition was signed and mailed to this Court. *State of Montana v Fourstar*, No. 13-659 (Mont. Oct. 30, 2013). Therefore, his state conviction stands and any argument that his federal sentencing enhancement is premised upon an invalid conviction crumbles—there is no recognized fundamental defect. Because Fourstar is no longer in custody on the state conviction at issue, and the Montana Supreme Court's order stated that any further reconsideration was barred,

Fourstar is without recourse. *See Daniels v. United States,* 532 U.S. 374 (2001). Consequently, this Section 2241 petition will be dismissed with prejudice.

### Motion for Pauper Status

Petitioner has moved for leave to proceed *in forma pauperis* (Doc. 2). Based on the financial information (using the six-month average daily balance) provided with his motion, petitioner's motion to proceed *in forma pauperis* (Doc. 2) will be granted.

### Disposition

**IT IS HEREBY ORDERED** that petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant Section 2241 petition is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

If petitioner wishes to appeal the dismissal of this action, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R.APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R.APP. P. 3(e); 28

U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

**November 25, 2013**

Digitally signed by David R. Herndon
Date: 2013.11.25
10:27:32 -06'00'

**Chief Judge**
**United States District Court**